UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:09-CR-0112-B |
| | § | |
| JULIE SHANTREL CLARK, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Julie Shantrel Clark's Motion for Compassionate Release (Doc. 73). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Defendant Julie Shantrel Clark pleaded guilty to one count of bank robbery, the Court sentenced her to eighty-two months of imprisonment to run concurrently with her state-court cases, as well as three years of supervised release. Doc. 30, J., 1–3. During her term of supervised release, the United States Probation Office filed multiple reports indicating Clark's failure to comply with her conditions of supervision. *See, e.g.*, Doc. 34, Report, 1–2 (failure to pay restitution); Doc. 38, Report, 2–3 (use of cocaine and marijuana, among other violations). After Clark pleaded guilty to several of the violations, the Court sentenced her to fourteen months of imprisonment. Doc. 71, J., 2.

Clark is currently forty-four years old, and she is serving her fourteen-month sentence at

Carswell Federal Medical Center (FMC). Her scheduled release date is October 25, 2020.[1] As of July 16, 2020, Carswell FMC has 180 positive cases of COVID-19.[2]

On July 13, 2020, Clark filed a motion seeking compassionate release under 18 U.S.C. § 3582. Doc. 73, Def.'s Mot., 1. The Court addresses this motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Section 3582(c)(1)(A)'s exhaustion requirement is generally "a glaring roadblock foreclosing compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on [her] behalf" or if "there has been no adverse decision by [the] BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*,

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

[2] The Court accessed this statistic from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/.

954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020). Nonetheless, some "courts have concluded that [the exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring) (per curiam) (citations omitted).

## III.

## ANALYSIS

As explained below, the Court denies Clark's request because Clark has not exhausted her administrative remedies. Further, regardless of the exhaustion issue, Clark's motion presently fails to demonstrate extraordinary and compelling circumstances under § 3582(c)(1)(A).

A.   *Clark Has Failed to Satisfy Section 3582's Exhaustion Requirement.*

In her motion, Clark has not provided proof of exhaustion of her administrative remedies. Indeed, Clark does not even mention whether she has requested relief from the BOP, nor does she attach any proof of a request to the BOP. *See generally* Doc. 73, Def.'s Mot. Thus, Clark has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement, and the Court **DENIES** her motion **WITHOUT PREJUDICE** to re-filing upon satisfaction of the exhaustion requirement.[3] *See* § 3582(c)(1)(A) (allowing the defendant to bring a motion on her own behalf after she "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the

---

[3] The Court recognizes that some district courts have excepted the exhaustion requirement under specific circumstances. *See United States v. Jackson*, 2020 WL 3455131, at *2 (N.D. Tex. June 5, 2020), *adopted by* 2020 WL 3452284 (N.D. Tex. June 24, 2020) (explaining the split between district courts on whether the exhaustion requirement may be waived). But the Court need not consider the propriety of such an exception here, because as explained in the Court's discussion of the merits of Clark's motion, Clark has not shown extraordinary and compelling reasons for release.

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility").

B.       *Irrespective of Exhaustion, Clark Has Not Shown Extraordinary Circumstances.*

Regardless of whether Clark exhausted her administrative remedies, Clark has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1.[4]

With the policy statement in mind, the Court concludes that Clark has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

In support of her request for compassionate release, Clark points out that COVID-19 is prevalent at Carswell FMC. Doc. 73, Def.'s Mot., 1–2. Moreover, Clark explains that she takes Dapsone, a medication that "attacks [the] immune system," to treat Sneddon-Wilkinson Disease. *Id.* Clark contends that because she takes this medication, she is "in autoimmune danger in custody." *Id.* at 2.

As a preliminary matter, the Court recognizes the unprecedented nature of COVID-19. Further, the Court acknowledges the rapid spread of COVID-19 throughout Carswell FMC, which

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. 1. Though the policy statement is not necessarily dispositive, *see United States v. Delgado*, 2020 WL 2542624, at *2 n.1 (N.D. Tex. May 19, 2020), the Court finds it useful here.

has 180 active cases of COVID-19 as of July 16, 2020. Based on the statistics, the Court understands Clark's fear of contracting the virus. But generalized concerns about the spread of COVID-19 at Clark's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" such as the propriety of incarceration for all inmates at Carswell FMC. *See Delgado*, 2020 WL 2542624, at *3.

And turning to Clark's individual circumstances, Clark has not provided medical records to substantiate her diagnosis, treatment, and whether she is immunocompromised. Absent such records, the Court has no basis for concluding that Clark has established "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A). Thus, the Court **DENIES** Clark's motion **WITHOUT PREJUDICE** to re-filing.

## IV.

## CONCLUSION

Clark's request for compassionate release under § 3582(c)(1)(A) fails, because she has not proven exhaustion of her administrative remedies. Moreover, Clark's present motion does not demonstrate extraordinary and compelling reasons for compassionate release. For both of these reasons, the Court **DENIES** Clark's motion (Doc. 73) **WITHOUT PREJUDICE**.

By denying Clark's motion without prejudice, the Court permits Clark to file a subsequent motion for compassionate release in the event she can both: (1) satisfy the exhaustion requirement, and (2) provide information supporting a finding of extraordinary and compelling reasons for release, such as documentation demonstrating that she is immunocompromised.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A),

the Court must also consider the factors of § 3553. § 3582(c)(1)(A). Because the Court holds that Clark has not exhausted her administrative remedies or shown extraordinary reasons warranting release, the Court need not conduct that analysis today.

SO ORDERED.

SIGNED: July 20, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE